# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-819V
Filed: April 22, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DOROTHY LINGINFELTER, | \* | |
| | \* | |
| Petitioner, | \* | Petitioner's motion for a decision |
| | \* | dismissing her petition granted; |
| v. | \* | influenza vaccine; arm pain; |
| | \* | bursitis; tendinitis |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Maximillian J. Muller, Dresher, PA, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On July 31, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on October 15, 2014 caused her to develop arm pain, bursitis, and tendinitis. See Pet. at ¶¶ 4, 10. Petitioner sought medical treatment for depression on November 7, 2014, three weeks after vaccination, but did not complain about her arm at that visit. Med. recs. Ex. 7, at 20. The first complaint she made to a doctor about her arm was on February 6, 2015, four months after vaccination, when she said her right arm had hurt from shoulder to wrist ever since she had a flu shot on October 15, 2014. Med. recs. Ex. 3, at 4.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On April 22, 2016, petitioner filed a Motion for a Decision Dismissing her Petition, stating "she will be unable to prove that she is entitled to compensation in the Vaccine Program."

The undersigned grants petitioner's motion and **DISMISSES** this case for failure to make a prima facie case of causation in fact.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her flu vaccination, she would not have had right arm pain, bursitis, and tendinitis, but also that her flu vaccination was a substantial factor in causing her right arm pain, bursitis, and tendinitis. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).  In the instant action, petitioner, although given the opportunity to do so, did not file an expert report, and her medical records do not substantiate her allegations.  Particularly damaging to petitioner's allegations is the fact that she never spoke to any medical doctor about her right arm hurting until four months after vaccination, even though she saw a medical professional to obtain treatment for depression three weeks after vaccination.  In addition, petitioner has pre-vaccination (November 9, 2011) medical records substantiating repetitive falls that injured her right arm.  Med. recs. Ex. 6, at 5, 19.

The undersigned **GRANTS** respondent's Motion for a Decision Dismissing her Petition

and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 22, 2016                                                                               s/ Laura D. Millman
                                                                                                              Laura D. Millman
                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.