# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-819V
Filed: July 7, 2016
Not for Publication

```
*************************************
DOROTHY LINGINFELTER,              *
                                   *
           Petitioner,             *
                                   *
v.                                 *    Attorneys' fees and costs decision;
                                   *    reasonable attorneys' fees and
                                   *    costs
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
           Respondent.             *
                                   *
*************************************
```

Maximillian J. Muller, Dresher, PA, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 31, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she developed arm pain, bursitis, and tendinitis due to her receipt of the influenza ("flu") vaccine on October 15, 2014. On April 22, 2016, the undersigned dismissed the case for failure to make a prima facie case of causation in fact.

On June 10, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $13,759.00 and attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$1,088.07, for a total request of $14,847.07.  In compliance with General Order #9, petitioner's counsel stated that petitioner did not incur any expenses in pursuit of her claim.  Fee App. ¶ 5.

On June 16, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $6,200.00 and $7,500.00." Id. at 3.  Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id.  She also cites two cases, Tait v. Secretary of Health and Human Services, No. 15-1414V (Fed. Cl. Spec. Mstr. April 19, 2016) and Tait v. Secretary of Health and Human Services, No. 15-1415V (Fed. Cl. Spec. Mstr. April 20, 2016) in which petitioners were awarded $6,269.05 and 6,277.05 in attorneys' fees and costs, respectively, for cases that were dismissed after the petitioners filed medical records and subsequently determined that they could not establish causation.

On June 27, 2016, petitioner filed a four-page reply to respondent's response to her application for attorneys' fees and costs.   In her reply, petitioner cites 24 SIRVA cases that were settled by her attorney's law firm in which petitioners were awarded an average of $15,648.67 for attorneys' fees and costs.  Id. at 2-3.  In light of the average award of attorneys' fees and costs of $15,648.67 for settled SIRVA cases, petitioner argues that the amount she requests in her fee application is reasonable and should be awarded in full.  Reply at 4.  Petitioner also requests an additional $550.00 for the time her attorney spent drafting the reply. Id.  Therefore, petitioner requests a total of $15,397.07 in attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id.  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent's counsel attempts to justify her suggested range of attorneys' fees by citing two cases in which a significantly lower amount of attorneys' fees and costs were awarded than the amount petitioner requests.  Tait v. Sec'y of HHS, No. 15-1415V (Fed. Cl. Spec. Mstr. April 20, 2016); Tait v. Sec'y of HHS, No. 15-1414V (Fed. Cl. Spec. Mstr. April 19, 2016).  However, the two cases cited by respondent involve the same petitioners and the same petitioners' attorney.  In both cases, petitioners, the parents of minor children J.T. and D.T., alleged that their child developed type 1 diabetes after receiving the MMR vaccine.  Because the cases involved the same petitioners, petitioners' counsel, and injury, there was undoubtedly a great deal of duplicative work done by petitioners' counsel.  As an example, the petitions filed in each case are almost identical.  Moreover, the cases involve type 1 diabetes, a completely different injury from the arm injury that was at issue in the instant case.  Therefore, while the undersigned thinks that each vaccine case is different and it is not necessarily instructive to compare cases involving similar vaccine injuries in order to determine the appropriate amount of attorneys' fees and costs, she finds the SIRVA cases cited by petitioner much more persuasive than the cases cited by

2

respondent.

      Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable.  The undersigned also finds that the supplemental fees petitioner requests for the two hours her counsel spent preparing a reply are reasonable, as drafting petitioner's reply necessitated researching and compiling past SIRVA cases.

      Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  Accordingly, the court awards **$15,397.07**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Muller Brazil, LLP in the amount of **$15,397.07**.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 7, 2016                                                         s/ Laura D. Millman
                                                                                                  Laura D. Millman
                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.